820 F.2d 405
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hurlen LEWIS, Petitioner,
v.
BLUE DIAMOND COAL CO. and Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 86-3530.
 United States Court of Appeals, Sixth Circuit.
 June 9, 1987.
 
 Before KEITH and NORRIS, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Hurlen Lewis appeals the decision of the Benefits Review Board affirming the administrative law judge's (ALJ) decision denying him benefits under the Black Lung Benefits Act. Lewis was born January 14, 1933 and has a fifth grade education. He began to work in the coal mines in 1955 and worked underground for approximately 23 years. From 1968 until 1979 Lewis worked for appellee Blue Diamond Mining Company. Lewis alleges that he noticed breathing difficulties in 1977, stopping every thirty minutes to catch his breath. Although Lewis left Blue Diamond in 1979 because of a back injury, Lewis alleges that his back now hurts only slightly and he could return to work if it weren't for his breathing problems. Lewis has never smoked cigarettes.
 
 
 2
 After a hearing regarding Lewis's claim for benefits, the ALJ found that Lewis had established a presumptive entitlement to benefits under 20 C.F.R. Sec. 727.203(a)(4)[1] based on the fact that Lewis had worked in the mines more than 10 years and based on a medical report by Dr. Clarke establishing the presence of a totally disabling respiratory or pulmonary impairment. The ALJ, however, found that Blue Diamond had rebutted Lewis's presumption of entitlement under 20 C.F.R. Sec. 727.203(b)(3) because he determined that the great weight of the evidence showed that Lewis's disability did not arise out his coal mine employment, citing Jones v. The New River Coal Co., 3 BLR 1-199 (1981). The ALJ also found that the interim presumption was rebutted under 20 C.F.R. Sec. 727.203(b)(2) but offered no findings or conclusions on this point. Since the Benefits Review Board found rebuttal proper under (b)(3), it did not address the issue of (b)(2) rebuttal. However, in the hereinafter ordered remand, we find it appropriate to consider whether rebuttal can be established under Sec. 727.203(b)(2).
 
 
 3
 In Jones v. The New River Co., the Board reasoned that, consistent with the intent of the Act, awards for benefits should not be allowed for disability caused only in part by diseases arising out of coal mine employment. Jones held that 20 C.F.R. Sec. 727.203(b)(3) should be read as though "in whole or in part" were stricken. Jones, 3 BLR at 209. Gibas v. Saginaw Mining Co., 748 F.2d 1112 (6th Cir.1984), cert. denied, 471 U.S. 1116 (1985) (decided after the decision and order of the ALJ in the instant case) rejected the Jones interpretation and held that the regulation was valid as written. Gibas held:
 
 
 4
 If an employer is able to prove that pneumoconiosis played no part in causing a miner's disability, then the employer has satisfied the requirements of section 727.203(b)(3). Where, however, pneumoconiosis is a contributing cause to a miner's total disability, he is conclusively entitled to benefits.
 
 
 5
 Id. at 1120. See also Moseley v. Peabody Coal Co., 769 F.2d 357 (6th Cir.1985) (holding that where none of the doctors found any evidence of pneumoconiosis, pneumoconiosis could not be a contributing cause to the miner's disability).
 
 
 6
 The Benefits Review Board, in this case, found that "no prejudice resulted from the administrative law judge's application of Jones v. The New River Co. because the credited medical opinions support rebuttal" under Gibas and Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485 (6th Cir.1985). Maypray v. Island Creek Coal Co., 7 BLR 1-683 (1985), however, found that a claim arising in the Sixth Circuit and decided under the Jones standard must be remanded for consideration under Gibas.
 
 
 7
 In light of the conflicting medical opinions in this case, we conclude that the ALJ should be given an opportunity to weigh the evidence according to the proper standard established in Gibas namely that benefits may be awarded if it is determined that pneumoconiosis, as the record seems to suggest, was a contributing or even aggravating cause of the miner's disability. See Bethlehem Mines Corp. v. Massey, 736 F.2d 120 (4th Cir.1984) (the "proof offering under section 727.203(b)(3) ... must establish that the miner's primary condition ... was not aggravated to the point of total disability by prolonged exposure to coal dust"). We cannot be certain that the ALJ might not have decided differently with the Gibas rather than Jones standard before him.
 
 
 8
 Accordingly, the order of the Board denying benefits is VACATED and the cause is REMANDED for reopening and reconsideration in light of Gibas.
 
 
 
 [1]
 Appellant claims that the interim presumption should properly be established according to Sec. 727.203(a)(1) and not Sec. 727.203(a)(4). Since appellee Blue Diamond does not dispute that Lewis should have been granted an interim presumption, we find it unnecessary to address this issue